No. 4029

Second Circuit

PARISH OF OUACHITA v. F. STRAUSS & SON

(May 20, 1931. Opinion and Decree.)

Hugh T. Layne, of Monroe, attorney for plaintiff, appellee.

Hudson, Potts, Bernstein & Sholars, of Monroe, attorneys for defendant, appellant.

McGREGOR, J. This is a suit for $100 additional wholesaler's license and $60 "near-beer" license alleged to be due the state of Louisiana. The suit was erroneously brought in the name of the parish of Ouachita, but it was agreed that it should be prosecuted in the name of the state of Louisiana. In the trial the following statement of facts were submitted:

"Now into court comes F. Strauss & Son, Inc., and the state of Louisiana, through its attorney, H. S. Lang, and agree that the extra One Hundred ($100.00) Dollars wholesale dealers' license assessed for 1930 is occasioned on account of, at various times during the year 1930 Swift & Company and other merchants of Monroe would join with Strauss in purchasing carloads of eggs or potatoes or other merchandise; that the entire amount would be carried on the books of F. Strauss & Son, Inc., but that upon receipt of said merchandise Swift & Company, and other merchants would accept delivery of their one-half of said products and pay their proportionate one-half of same; that this transaction was handled as a matter of convenience and necessity, due to the fact that neither Swift & Company nor Strauss & Son, Inc., would need an entire car of eggs at one time and the seller of the eggs would not sell in less than carload lots; that F. Strauss & Son, Inc., are now charged with the entire amount of each car in question and that this extra charge makes the difference in the amount of license paid, namely, $300.00, and the amount of license assessed, namely, $400.00.

"With reference to the amount of license assessed for 1930, namely, $60.00, it is admitted that same is assessed under Section 22 of Act 205 of 1924 and that the attempted assessment is levied at the sale of near beer by F. Strauss & Son, Inc.

"It is further admitted that if a license is due, for the sale of near beer, that the amount of the assessment is correct."

The $1 claimed in the suit as additional wholesaler's license is explained in the above statement. The additional $60 claimed was a "near beer" license based on the sale of a drink known as "Pabst's Blue Ribbon." On trial it was shown that this drink has no alcoholic content, and that therefore no "near beer" license should be levied on account of its sale.

The lower court rejected the demand for the $60 for the "near beer" license, but gave judgment for the additional wholesaler's license. The defendant has appealed, while the plaintiff has not appealed or answered the defendant's appeal.

Under the agreed statement of facts on which the case was tried, it appears that defendant received no benefit whatever from the alleged receipts on which the additional $100 license is claimed. As a matter of convenience, defendant permitted others to ship goods with it in the same car in order to make carload lots. While the entire shipments were billed to defendant, as a matter of fact the real purchasers received the goods belonging to them and paid their pro rata share without any profit to the defendant. These other wholesalers handled and sold the goods in question, and on the basis of their receipts for these additional goods paid the required wholesaler's license. If defendant is required to pay this license, the state would be collecting license twice on the sale of the same goods, while the defendant received no profit. The judgment is wrong, and must be reversed.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, annulled and reversed, and that the plaintiff's demand be rejected, with costs in both courts.